**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MADISON JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ST. LOUIS CITY PUBLIC SCHOOL DISTRICT,<br><br>and<br><br>SUSAN REID, individually and in her official capacity,<br><br>Defendants. | ) | Case No. 4:26-cv-1693<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW Plaintiff Madison Johnson, by and through her undersigned counsel, and for her Complaint against Defendants St. Louis City Public Schools, and Susan Reid, individually and in her official capacity, states as follows:

**Parties and Jurisdiction**

1. Plaintiff Madison Johnson ("Plaintiff" or "Madison") is a natural person and a resident and citizen of St. Louis County, Missouri. At all relevant times herein she was an eighth-grade student at Compton Drew Middle School which is a public school operating within the St. Louis City Public School District.

2. Defendant St. Louis City Public School District (the "District"), is a public school district operating in this venue. The District is located in St. Louis City, Missouri. The District operates Compton Drew Middle School ("Compton Drew").

3. At all relevant times, the District was a recipient of federal financial assistance within the meaning of 20 U.S.C. § 1681(a), and its education programs and activities, including those at Compton Drew, were subject to Title IX.

4. Defendant Susan Reid ("Defendant Reid" or "Reid") was, at all relevant times, the head principal of Compton Drew and an employee and agent of the District acting within the course and scope of her employment. Upon information and belief, Defendant Reid is a resident of the State of Missouri. She is sued in her individual and official capacities.

5. At all relevant times, Defendant Reid acted under color of state law.

6. At all relevant times, Defendant Reid was the highest-ranking District official at Compton Drew and had authority to address harassment and threats against students, to institute corrective measures on the District's behalf, to investigate reports of threatened violence, to separate students, to discipline students, to implement safety plans, and to contact parents and law enforcement.

7. Plaintiff brings claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.; 42 U.S.C. § 1983 for violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment and Missouri common law.

8. This Court has original subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, 20 U.S.C. § 1681 and 42 U.S.C. § 1983. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide the claims arising under state law pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) (2) as the judicial district where the events giving rise to the claim occurred.

10. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38 (b).

## Facts Common To All Counts

11. In the fall of 2021, Plaintiff was a thirteen-year-old female in the eighth grade at Compton Drew.

12. In the days leading up to October 14, 2021, a female Compton Drew student ("Student A") and other female students in Student A's group of friends carried out a campaign of harassment against Plaintiff, including social-media posts about Plaintiff stating that they were going to fight her.

14. Student A directed gender-based slurs at Plaintiff, including calling her a "fake ass bitch," and sent Plaintiff messages stating she wanted to fight Plaintiff.

15. Student A's harassment of Plaintiff was sex-based in content and in kind: it consisted of sex-specific slurs directed at Plaintiff as a girl, and escalated into a coordinated physical attack on Plaintiff. Student A and the students acting with her targeted Plaintiff because she is female and used sex-based slurs and sex-stereotyped insults in doing so.

16. On October 13, 2021, Plaintiff went to the principal's office at Compton Drew and reported the threats to Defendant principal Susan Reid.

17. Plaintiff told Defendant Reid that she was scared and that she believed she was going to be attacked by this group of girls at school. Plaintiff gave Defendant Reid a statement wherein she reported that the other students were making posts about her and threatening to fight her at the end of the day.

20. Upon information and belief, other female students also gave statements on or about October 13, 2021, reporting the threats.

21. Prior to October 14, 2021, Defendant Reid had actual, written, pre-assault notice that a specifically identified group of students, including Student A, had threatened to physically

attack Plaintiff at school, and that the attack was imminent. This was notice of a substantial risk of harassment before it occurred.

22. Defendant Reid did nothing in response to Plaintiff's report. Upon information and belief, Defendant Reid did not:

(a) investigate the threats or the social-media posts;

(b) speak with Student A or the other students identified as making the threats, or with their parents;

(c) separate Plaintiff from Student A and her group, alter their schedules, or increase supervision of them;

(d) create or implement any safety plan for Plaintiff;

(e) notify Plaintiff's mother of the threat to her then- minor daughter's safety;

(f) notify the District's Title IX Coordinator, the school resource officer, or any other District official of the threat; or

(g) initiate the investigation required by Missouri Law.

23. On October 14, 2021 Student A and two other female students in her group confronted Plaintiff in the Compton Drew gymnasium.

24. On October 14, 2021, Student A and two other students attacked Plaintiff. Student A and the other two students slapped Plaintiff, struck her with closed fists, pulled her hair, threw her to the ground, and dragged her across the gymnasium floor on her knees.

25. A District teacher was present in the gymnasium, watched the assault, and did not intervene, call for help, or attempt to stop it.

26. Upon information and belief, the teacher's failure to intervene was consistent with, and caused by, a District policy, custom, or practice that teachers do not intervene in or break up fights between students, and with the District's failure to train its teachers to intervene in, stop, or summon help for student-on-student assaults.

27. The students who attacked Plaintiff were the same students Plaintiff identified to Defendant Reid the day before.

28. Neither Defendant Reid nor anyone else from the District contacted Plaintiff's mother to tell her that her minor daughter had been assaulted at school.

29. Following Plaintiff's report of bullying and threats and the subsequent assault, Defendants suspended Plaintiff from school for two days.

30. Plaintiff was suspended because she reported bullying and threats and was attacked.

31. Before suspending Plaintiff, neither Defendant Reid nor any other District official gave Plaintiff or her mother oral or written notice of the charges against Plaintiff, an explanation of the evidence supporting the suspension, or an opportunity to present Plaintiff's side of the story.

32. Defendant Reid did not speak with Plaintiff's mother about the suspension, and the District provided no written notice or documentation of the suspension or the reasons for it.

33. As a direct result and proximate of the assault, Plaintiff did not feel safe at school and was so fearful of returning that she left the school and enrolled in a different school.

34. As a direct result and proximate of the assault, Plaintiff suffered injuries to her neck, back, and knees.

35. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered and will continue to suffer physical injury and pain; emotional distress, mental anguish; humiliation and embarrassment; loss of educational opportunities and benefits, including missed school days and the loss of her school placement; loss of enjoyment of life; and past medical expenses.

36. Upon information and belief, at all relevant times the District had a policy, custom, or practice of: (a) failing to investigate or respond to student reports of threatened violence and harassment; (b) prohibiting or discouraging teachers from intervening in student fights; (c) disciplining the victims of student-on-student assaults along with the aggressors without investigation; and (d) suspending students without the notice and opportunity to be heard required by the Fourteenth Amendment and §§ 167.161 and 167.171, RSMo.

37. Upon information and belief, the practice that teachers do not intervene in or break up student fights was widespread and long-standing across District schools, was known to District administrators and policymakers, and was tacitly authorized by them. The existence of any written District anti-bullying or discipline policy did not displace this contrary unwritten custom of ignoring such policies.

38. Upon information and belief, the District failed to train and supervise Defendant Reid, Compton Drew teachers, and other staff regarding the investigation of and response to reports of student harassment, bullying, and threatened violence; the handling of sex-based harassment under Title IX; intervention in student-on-student violence; and the procedures required before suspending a student.

**COUNT I**
**Title IX Violation**
*(Against Defendant District)*

39. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

40. The District receives federal funding subjecting it to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

41. Student A and the students acting with her subjected Plaintiff to a course of harassment on the basis of sex, consisting of a social-media campaign, sex-based slurs, repeated threats of physical violence, and a coordinated group physical assault against Plaintiff.

42. The harassment and assault were motivated by Plaintiff's gender.

43. The harassment as described herein was severe, pervasive, and objectively offensive that it deprived Plaintiff of access to the educational opportunities and benefits provided by the District.

44 The District exercised substantial control over both the harassers and the context in which the harassment occurred.

45. The District through its employee Defendant Reid, knew of the harassment against Plaintiff and had the authority to institute corrective measures to assure the bullying and harassing behavior did not occur and threats were not followed through against Plaintiff.

46. The District, through Defendant Reid and its other employees, responded to the known harassment with deliberate indifference. That is, the District new Plaintiff was being threatened but made no effort whatsoever to investigate or put an end to the harassment or prevent the attack from occurring.

47. The District's deliberate indifference preceded the assault and caused it: it made Plaintiff vulnerable to, and caused her to undergo, further harassment in the form of the October 14, 2021 assault, which occurred less than one school day after her report.

48. The District's deliberate indifference continued after the assault, when the District suspended Plaintiff, the victim, without investigation or process.

49. As a direct and proximate result, Plaintiff suffered and will continue to suffer a head and back injury, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress.

50. This conduct was willful, recklessly indifferent to the rights of others, including Plaintiff, and/or wanton, which entitles Plaintiff to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendant in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT II**
**Title IX — Retaliation**
*(Against Defendant District)*

51. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

52. The District receives federal funding subjecting it to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

53. Retaliation against a person because she has complained of sex discrimination is a form of intentional sex discrimination prohibited by Title IX..

54. Plaintiff engaged in protected activity on October 13, 2021, when she reported to Defendant Reid, in writing, the sex-based harassment and threats of violence being directed at her based on her sex.

55. The District, through Defendant Reid, retaliated by promoting and allowing bullying to occur and making conditions so intolerable that Plaintiff could not benefit from and enjoy the education.

56. The District, through Defendant Reid, took materially adverse action against Plaintiff by suspending her from school for two days immediately after she made reports and was assaulted by the students she had reported, without notice, explanation, or a hearing.

57. There is a causal connection between Plaintiff's protected activity and the bullying and harassment as the Defendants created a constructive dismissal from school because the conditions were so intolerable.

58. Plaintiff missed school when she was suspended.

59. There is a causal connection between Plaintiff's protected activity and Plaintiff's suspension.

60. The acts of the Defendant were intentional discrimination prohibited by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

61. As a direct result and proximate result, Plaintiff has suffered and will continue to suffer injuries to her neck, back, and knees, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

62. This conduct was willful, recklessly indifferent to the rights of others, including Plaintiff, and/or wanton, which entitles Plaintiff to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendant in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT III**
**42 U.S.C. § 1983 — Equal Protection**
*(Against Defendant District and Defendant Reid in Her Individual Capacity)*

63. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

64. Defendants' actions were taken under color of state law.

65. As stated, Plaintiff was harassed, bullied, threatened and attacked by Student A because of Plaintiff's sex, female.

66. This conduct occurred because of Plaintiff's sex, female.

67. The acts alleged herein violated Plaintiff's right to equal protection under the law.

68. The harassment was severe, pervasive, and objectively offensive that it deprived Plaintiff of access to the educational opportunities and benefits provided by the District.

69. Defendants had authority to institute corrective measures, had actual notice of the harassment and threats.

70. Defendants were deliberately indifferent to the harassment and threats in that they did nothing to take appropriate corrective action.

71. Defendants' deliberate indifference to the known harassment, and decision to punish Plaintiff after the assault, deprived Plaintiff of access to the educational opportunities and benefits provided by the District.

72 Defendants' deliberate indifference to the harassment and threats represented District's policy, custom, or practice and/or their response to this peer harassment departed from the established policies, customs, or practices.

73. Alternatively, but without waiving the foregoing, the acts and/or omissions set forth above were made by those with final policymaking authority.

74. As a direct result and proximate result, Plaintiff has suffered and will continue to suffer injuries to her neck, back, and knees, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

75. This conduct was willful, recklessly indifferent to the rights of others, including Plaintiff, and/or wanton, which entitles Plaintiff to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendant in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable

attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT IV**
**42 U.S.C. § 1983 — Procedural Due Process**
*(Against Defendant Reid in Her Individual Capacity and Defendant District)*

76. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

77. Plaintiff had a legitimate entitlement to a free public education, a property interest protected by the Due Process Clause of the Fourteenth Amendment.

78. Defendant Reid, acting under color of state law, suspended Plaintiff for two days without giving her notice of the charges, an explanation of the evidence, or any opportunity to be heard, and without notifying or speaking with her parent.

79. Defendant Reid followed none of these procedures.

80. No emergency justified dispensing with notice and a hearing.

81. Plaintiff's right to the minimal procedures was clearly established in October 2021, and a reasonable principal would have known that suspending a student without them was unlawful.

82. As a direct and proximate result, Plaintiff was deprived of two days of instruction without due process, suffered humiliation and damage to her reputation, and carries a disciplinary record she did not earn.

83. The District is liable for this violation by way of the actions of its employee and/or agent, Defendant Reid, who acted as the District's final policymaker when she suspended Plaintiff.

84. Defendant Reid's conduct was willful, wanton, and in reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to punitive damages against Defendant Reid in her individual capacity.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendant in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT V**
**42 U.S.C. § 1983 — Municipal Liability (Monell)**
*(Against Defendant District and Defendant Reid in Her Official Capacity)*

98. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

99. The violations of Plaintiff's as described herein were caused by the District's:

(a) official policies, including, a policy that teachers not intervene in student fights;

(b) an unofficial custom, widespread and persistent across District schools and known to and tacitly authorized by District policymakers, that teachers do not intervene in or break up student fights;

(c) unofficial customs and practices of failing to investigate or act on student reports of threatened violence and harassment, of disciplining victims of student-on-student assaults without investigation, and of suspending students without notice or an opportunity to be heard, which were so persistent and widespread as to have the force of law and of which District policymakers had notice;

(e) deliberately indifferent failure to train and supervise principals, teachers, and staff in responding to reports of harassment and threats, in intervening in student-on-student violence, and in affording due process before suspensions; and

(f) the decisions of Defendant Reid as an official with final policymaking authority over these matters, or, alternatively, the ratification of her decisions by District officials with final policymaking authority.

100. The District's policies, customs, and failures to train and supervise were the moving force behind the violations of Plaintiff's constitutional rights.

101. As a direct and proximate result, Plaintiff suffered the injuries and damages described above.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendant in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT VI**
**Negligence**
*(Against Defendant Reid in Her Individual Capacity)*

102. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

103. Defendant Reid owed Plaintiff a duty to exercise reasonable care to protect her from reasonably foreseeable harm by other students at school, including harm of which Reid had specific, actual notice.

104. Defendant Reid was also subject to ministerial duties that left her no discretion as to whether to act upon Plaintiff's report. Defendant Reid was obligated to immediately perform an investigation into Plaintiff's reports of harassment, threats and bullying.

105. Defendant Reid never initiated any investigation of Plaintiff's report, before the assault, and never performed the other mandatory acts described above.

106. Defendant Reid owed these duties to Plaintiff specifically, and not merely to the public at large.

107. Defendant Reid breached her duties by failing to take any reasonable measure to protect

108. As a direct result and proximate result, Plaintiff has suffered and will continue to suffer injuries to her neck, back, and knees, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

109. This conduct was willful, recklessly indifferent to the rights of others, including Plaintiff, and/or wanton, which entitles Plaintiff to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages

against the Defendant in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**COUNT VI**
**Negligence and Negligent Supervision**
*(Against Defendant District)*

110. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

111. The District owed Plaintiff a duty to exercise reasonable care to supervise its students and to protect her from reasonably foreseeable harm by other students, including harm of which its principal had actual notice.

112. The District, through its employees acting within the course and scope of their employment, breached that duty by, among other things: failing to investigate or respond to Plaintiff's report of bullying and harassment; failing to separate Plaintiff from the students who had threatened her or to supervise those students; failing to provide adequate supervision at the time of the assault; permitting its teacher to watch the assault without intervening or summoning help; and maintaining a policy or practice that teachers do not intervene in student fights.

113. As a direct and proximate result of the District's negligence, Plaintiff was assaulted and suffered the injuries and damages described above.

114. Upon information and belief, at all relevant times the District had purchased liability insurance covering tort claims of the type asserted in this Count, and no provision of that policy or plan disclaims a waiver of sovereign immunity. Pursuant to § 537.610, RSMo, the District has waived sovereign immunity to the extent of that coverage.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendant in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**PLEBAN & ASSOCIATES LAW, LLC**

By: /s/ Benjamin P. Kates
Benjamin P. Kates, MO Bar No. 65557
bkates@plebanlaw.com
J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666
(314) 645-7376 (Fax)

*Attorneys for Plaintiff*